**FILED**

JUN 1 9 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: 3-05-70967 EDL |
| Plaintiff, ) | |
| v. ) | ORDER DOCUMENTING WAIVER |
| MICHAEL RADER, ) | |
| Defendant. ) | |

With the agreement of the parties, and with the consent of the defendant, the Court enters this order vacating the preliminary hearing date of June 21, 2006, setting a new preliminary hearing date on September 13, 2006, at 9:30 a.m. before the duty magistrate judge, extending the time for the preliminary hearing under Federal Rule of Criminal Procedure 5.1, and extending the 30-day time period for indictment and excluding time under the Speedy Trial Act from June 21, 2006 to September 13, 2006. The parties agree, and the Court finds and holds, as follows:

1. Rader has been released on a personal recognizance bond. The complaint charges him with conspiracy to distribute or possess with the intent to distribute 3,4 methylenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. § 846. It also charges him with a phone count in violation of 21 U.S.C. § 843(b). The case is related to a wiretap investigation that resulted in a 15-defendant indictment in case number CR 05 00491 VRW. The wiretap involves 30,000 intercepted calls and 8,000 pertinent calls. About one-third of the

1  pertinent calls are in Russian. Time has been excluded in that case based on the amount of
2  discovery and defense counsel's need to effectively prepare the case.
3      2. Counsel for Rader wishes an opportunity to review the evidence to determine whether a
4  pre-charge disposition is appropriate. Only after evaluating the evidence will counsel be in a
5  position to evaluate what disposition is an appropriate one. He also believes it is his best interest
6  to negotiate the case pre-indictment, and he cannot do that without evaluating the evidence.
7      3. Taking into the account the public interest in the prompt disposition of criminal cases,
8  these grounds are good cause for extending the time limits for a preliminary hearing under
9  Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment
10 and excluding time under the Speedy Trial Act. Failure to grant the continuance would deny
11 defense counsel the reasonable time necessary for effective preparation, taking into account the
12 exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also finds that the ends of
13 justice served by excluding the period from June 21, 2006 to September 13, 2006 outweigh the
14 best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).
15     4. Accordingly, and with the consent of the defendant, the Court (1) vacates the June 21,
16 2006, preliminary hearing date and sets a preliminary hearing date before the duty magistrate
17 judge on September 13, 2006 at 9:30 a.m., and (2) orders that the period from June 21, 2006 to
18 September 13, 2006 be excluded from the time period for preliminary hearings under Federal
19 Rule of Criminal Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C. §
20 3161(h)(8)(A) & (B)(iv).
21 STIPULATED:
22 DATED:_____          _____/s/_____
                                LEWIS ROMERO
23                              Attorney for MICHAEL RADER
24 DATED:_____          _____/s/_____
                                LAUREL BEELER
25                              Assistant United States Attorney
26 IT IS SO ORDERED.
27 DATED: 6/13/06              _____
                                United States Magistrate Judge NANDOR VADAS
28

ORDER DOCUMENTING WAIVER (3-05-70967 EDL)   2